# TAETLE v. LIVEZEY LUMBER COMPANY

[No. 266, September Term, 1957.]

*Decided June 13, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Louis Samuels,* with whom was *Marvin Braiterman* on the brief, for the appellant.

*Harry E. Dyer, Jr.,* for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

The appellee, a lumber dealer, obtained a judgment against the appellant for work and materials furnished by the appellee upon a garage owned by the appellant and others, which was leased to a tenant. The work and materials consisted of new overhead garage doors and repairs to other doors upon the leased premises. There was testimony to the effect that when the weather became cold in November, 1956, Mr. Baker, the tenant, told the appellant, one of the landlords, that "something would have to be done about the doors." As a result of this conversation, Baker was requested by Taetle, the appellant, to find someone who would make the repairs and do whatever was necessary, and to bring the prices back to Taetle for approval. Baker contacted the Livezey

Lumber Company, the appellee, through its owner, G. Kessler Livezey, Jr. He obtained prices from Livezey for the new doors needed and took them to Taetle's office. Taetle was not in, but a Mr. Frank, a co-owner of the garage and a partner of Taetle, was, and he told Baker that he would talk the matter over with Taetle and let Baker know. After several days, Baker returned to Taetle's office and, again, he was not there, but Frank was, and he told Baker that it would be "okay" for the middle priced doors. Baker then returned to the garage and called Livezey and asked him to order and install the middle priced doors. In addition, Baker ordered certain repair work done on other doors in the garage. He testified that this repair work was discussed with both Taetle and Frank, and, while he did not give the price therefor to either Taetle or Frank, he was authorized to have it done by Frank. There was testimony that the work was done and the materials furnished, and that a bill was submitted for their payment. There was also evidence that Taetle had visited the garage on at least one occasion during the progress of the repairs. There was, of course, additional testimony offered, but it is unnecessary to relate it here. No question is raised as to Taetle's partners not being parties.

Taetle testified flatly that he had not, nor had anyone in his behalf, authorized Baker to order anything from the Livezey Lumber Company. Frank did not testify.

The trial court, sitting without a jury, concluded as a matter of fact that Taetle through his partner, Frank, had constituted Baker as his agent to have the repairs made at Taetle's expense, and entered judgment against the appellant in favor of the appellee.

I

The appellant first contends that the trial court was in error because the contract for the work and materials was one between the appellee and the tenant, and created no responsibility on the part of the appellant. He argues that, as a general matter, a tenant is not the agent of his landlord either in the matter of making repairs, or in any other respect; and, since the lease in this case did not impose any obligation upon the landlord to make repairs, the repairs

made were not his responsibility, but solely that of the tenant. It may be conceded that a tenant, simply by reason of the relationship of landlord and tenant, is not constituted the agent of the landlord; but this does not mean that a landlord cannot make his tenant his agent just as he could anyone else. The appellee did not try the case, nor did the trial judge decide it, upon the theory that the relationship of landlord and tenant was that of principal and agent. It was tried and decided upon the theory that the appellant had authorized the tenant to have the work done and materials furnished for and on behalf of the landlord. The trial judge determined this as a matter of fact, and, as there is substantial evidence to support his finding, we are unable to conclude that it was clearly erroneous.

## II

The appellant states as his next assignment of error that even if it be assumed there was a promise by the landlord to the tenant to make repairs at the landlord's expense, such an undertaking, without additional consideration, made during the tenancy under a lease for a term of years which did not require the landlord to make repairs was *nudum pactum* and unenforceable. This question was not reached at the trial below, nor is it properly presented here. The appellee did not, and does not, claim that the appellant's liability to it is based upon a promise by the appellant to his *tenant* to make repairs; the appellee's contention was, and is, that the appellant authorized his *tenant* to have the *appellee* do the work and furnish the materials at the expense of the appellant. This, as can readily be seen, is solely a question of fact, and, as stated above, was resolved by the trial court in the appellee's favor.

## III

During the course of the trial, the judge refused to admit into evidence the written lease between the appellant and the tenant, who was also a defendant below. It was apparently offered to show that under the terms of the written lease the tenant was obligated to make repairs. This was not a suit between the landlord and the tenant. Under the theory upon which the case was tried, namely, that the appellant had au-

thorized the tenant to have the appellee make the repairs at the expense of the appellant, the terms of the lease were immaterial. If the terms of the lease required the tenant to make repairs, they would not *preclude* the landlord from authorizing the tenant to have someone make repairs at his, the landlord's, expense; and, in order for the appellee to be successful, it was incumbent upon it to meet the burden of proof by showing that the landlord had so authorized the tenant, which it did to the satisfaction of the trial court. Moreover, the appellant testified, without objection, that the lease provided that the tenant was "to keep the premises in good order and to pay for any fixing that was done." We find no error in this ruling by the trial court.

*Judgment affirmed, with costs.*